UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 07 CR 848 |
| ) | Hon. Sidney I. Schenkier |
| RAJESH KATWA ) | |

### ORDER OF DETENTION PENDING TRIAL

THIS CAUSE coming on to be heard upon the Government's motion to detain defendant Rajesh Katwa, pursuant to 18 U.S.C. § 3142, and this Court having reviewed and considered the evidence presented, as well as having heard argument on this matter on December 28, 2007, the Court hereby finds as follows:

1. A grand jury in the Middle District of Pennsylvania (Harrisburg) has charged the defendant in an indictment alleging: (1) a conspiracy to violate 8 U.S.C. § 1324 (alien smuggling), 18 U.S.C. § 1544 (misuse of passports), 18 U.S.C. § 1546 (fraud and misuse of visas, permits, and other documents), and 18 U.S.C. § 1028 (misuse of identification documents); and (2) a conspiracy to violate 8 U.S.C. § 1324(a)(1)(A)(ii) and (a)(1)(B)(ii) (transportation of unlawful aliens). The indictment also contains a forfeiture allegation.

2. The defendant has waived his right to a preliminary hearing and has been indicted by a grand jury. The Court, therefore, has found that there is probable cause to hold the defendant to answer the charges against him.

3. The Court finds that the statutory factors enumerated in 18 U.S.C. § 3142(g) favor detention of the defendant. The Court finds as follows:

    A. The nature and circumstances of the offenses charged in the indictment favor detention. The indictment alleges the existence of a significant alien smuggling organization. While it does not appear from the facts alleged in the indictment that this defendant was the leader or organizer of the organization, his role was not inconsequential. In that respect, the Court observes

that the grand jury alleges that the defendant was entrusted to travel to another state with $30,000 in currency, thus suggesting that the defendant was not a minor player in the organization.

    B.  The weight of the evidence weighs somewhat in favor of detention but is not dispositive. As noted previously, the defendant has been indicted, thus establishing probable cause to believe that he committed the offenses alleged by the United States.

    C.  With respect to the background, history, and characteristics of the defendant, the Court takes judicial notice of the report prepared by the Office of Pretrial Services ("Pretrial"). The Pretrial report indicates that, to the defendant's credit, he has no criminal record, no history of drug use, and a history of stable employment. The Government does not argue, and the Court finds no evidence, that the defendant is a danger to the community. On the other hand, the defendant does not appear to have strong ties either to this district or to the Middle District of Pennsylvania where he is charged. He has no property, assets, or family in Chicago. He has a relative in Arizona, but by and large, his family is in India. Furthermore, while this factor is not dispositive, the Court notes that the defendant is unlawfully present in the United States, having overstayed a visa that was issued several years ago. The defendant's unlawful immigration status, combined with the lack of significant ties to the community, creates a risk of flight that outweighs the other factors that militate against detention.

  4.  Based on the aforementioned factors, in light of the Pretrial report and other evidence proffered by the Government, the Court finds that the United States has met its burden of showing by a preponderance of the evidence that the defendant is a serious risk of flight and that no condition or set of conditions will reasonably assure the appearance of the defendant at future proceedings, as required.

  IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3142(e), that defendant Rajesh Katwa remain in custody pending his removal and transfer to the Middle District of Pennsylvania for future proceedings. During this period of confinement, defendant shall be kept separate, to the maximum

extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that defendant shall be afforded reasonable opportunity for private consultation with his counsel.

IT IS FURTHER ORDERED that the Warden of the Metropolitan Correctional Center shall deliver the defendant to a United States Marshal for the purpose of transportation to the Middle District of Pennsylvania for further proceedings in the case against him, *United States v. Naresh Patel et al.*, 07CR0478-WWC (Harrisburg).

IT IS FURTHER ORDERED that time is excluded until the defendant's next court appearance, in Pennsylvania, pursuant to 18 U.S.C. § 3161(h)(1)(G).

ENTER:

_____
SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: January 2, 2008.